T.C. Memo. 1996-302

UNITED STATES TAX COURT

RICHARD A. STASEWICH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17547-94.                          Filed July 2, 1996.

Richard A. Stasewich, pro se.

<u>Linda C. Grobe</u>, for respondent.

MEMORANDUM OPINION

DEAN, <u>Special Trial Judge</u>:  This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in, additions to, and an accuracy-related penalty on petitioner's Federal income taxes as follows:

| | | Additions to Tax | | | Penalty |
|---|---|---|---|---|---|
| | | Sec. | Sec. | Sec. | Sec. |
| Year | Deficiency | 6651(a) | 6653(a)(1) | 6654 | 6662(a) |
| 1988 | $2,591 | $586 | $130 | -- | -- |
| 1989 | 4,039 | 985 | -- | $15 | -- |
| 1990 | 5,287 | 1,322 | -- | 294 | -- |
| 1991 | 7,586 | -- | -- | -- | $1,517 |

After concessions by the parties,[2] the issues for decision are:  (1) Whether petitioner's artist activity was "not engaged in for profit" within the meaning of section 183(c); (2) whether petitioner can substantiate claimed expenses; and (3) whether petitioner is liable for the additions to tax and an accuracy-related penalty as determined by respondent.  The resolution of issue (1) will necessarily determine whether the income from petitioner's artist activity is properly classified as gross income derived from business or as miscellaneous income and short-term capital gain.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are

---

[2]In the notice of deficiency, respondent disallowed deductions for auto, entertainment, and transportation expenditures for 1988 and also determined that petitioner had unreported interest income for 1990.  Petitioner presented no testimony or other evidence on these issues, and we deem them to be conceded.

incorporated herein by this reference.  Petitioner resided in Chicago, Illinois, at the time he filed his petition.

Background

Petitioner is a certified public account who attended Northern Illinois University in the early 1970's, earning sufficient credits to have a major in art and minor in accounting, although he did not graduate.  From 1978 until the present, petitioner has been employed in various positions utilizing his accounting background.

In 1984, petitioner began his own accounting practice as a sole proprietor, operating out of rented space on the first floor of the building in which he lives.  Petitioner has reported the results of his accounting business on Schedule C of his Federal income tax returns, although he has not filed a return every year.  For each of the years at issue, the net profit from petitioner's accounting business is as follows:

| Year | Net Profit |
|------|-----------|
| 1988 | $9,518 |
| 1989 | 16,824 |
| 1990 | 19,977 |
| 1991 | 26,930 |

At the same time that he began his accounting business, petitioner also began to develop himself as an artist.  Indeed, petitioner's purpose in leaving his former employer was to use the accounting business to "pay the rent" while at the same time devoting more effort to his artistic endeavors.  Petitioner has reported the results of his artist activity on a separate

Schedule C for those returns that he has filed.  For the years at
issue[3] the relevant figures are:

|                   | 1988    | 1989     | 1990     | 1991     | Total    |
|-------------------|---------|----------|----------|----------|----------|
| Gross receipts    | $1,811  | $1,539   | $474     | $434     | $4,258   |
| Cost of goods sold| 552     | 942      | 323      | 0        | 1,817    |
| Deductions        | 9,218   | 28,235   | 27,451   | 27,364   | 92,268   |
| Profit (Loss)     | (7,959) | (27,638) | (27,300) | (26,930) | (89,827) |

Petitioner received an extension for filing his 1988 Federal
income tax return until October 15, 1989, and filed that return
on December 7, 1990.  Petitioner received an extension for filing
his 1989 return until October 15, 1990, but never filed that
return.  Petitioner received an extension for filing his 1990
return until October 15, 1991, but never filed that return.
Petitioner received an extension for filing his 1991 return until
October 15, 1992, and filed that return on October 19, 1992.

Respondent determined that petitioner's artist activity was
not engaged in for profit and therefore disallowed all of the
deductions claimed attributable thereto.  Alternatively,
respondent determined that petitioner failed to substantiate the
deductions or to prove that the expenditures were ordinary and
necessary to either his artist or accounting activity and
accordingly disallowed all of the claimed deductions.  In
accordance with this determination, respondent also reclassified

---

[3]The Schedule C figures for the artist and accounting
activities for 1989 and 1990 are taken from Forms 1040 that
petitioner provided during the course of respondent's examination
of petitioner's 1988 through 1991 taxable years.

petitioner's income from the artist activity as miscellaneous income from the sale of drawings and short-term capital gain from the sale of art supplies.

Discussion

General Requirements

The threshold issue for decision is whether petitioner's artist activity was "not engaged in for profit" within the meaning of section 183(c). Section 183(a) provides generally that if an activity is not engaged in for profit, no deduction attributable to such activity shall be allowed, except as otherwise provided in section 183(b).[4] Section 183(c) defines an activity not engaged in for profit as "any activity other than one with respect to which deductions are allowable for the taxable year under section 162 or under paragraph (1) or (2) of section 212."

Deductions are allowed under section 162 for the ordinary and necessary expenses of carrying on an activity that constitutes the taxpayer's trade or business. Deductions are allowed under section 212 for expenses paid or incurred in connection with an activity engaged in for the production or

---

[4]Sec. 183(b)(1) permits a deduction for expenses that are otherwise deductible without regard to whether the activity is engaged in for profit, such as interest and personal property taxes. Sec. 183(b)(2) permits a deduction for expenses that would be deductible only if the activity were engaged in for profit, but only to the extent that the gross income derived from the activity exceeds the deductions allowed by sec. 183(b)(1).

collection of income, or for the management, conservation, or maintenance of property held for the production of income. With respect to either section, however, the taxpayer must demonstrate the requisite profit objective for the activities in order to deduct associated expenses. Jasionowski v. Commissioner, 66 T.C. 312, 320-322 (1976); sec. 1.183-2(a), Income Tax Regs. The profit standards applicable to section 212 are the same as those used in section 162. See Agro Science Co. v. Commissioner, 934 F.2d 573, 576 (5th Cir. 1991), affg. T.C. Memo. 1989-687; Antonides v. Commissioner, 893 F.2d 656, 659 (4th Cir. 1990), affg. 91 T.C. 686 (1988); Allen v. Commissioner, 72 T.C. 28, 33 (1979); Rand v. Commissioner, 34 T.C. 1146, 1149 (1960).

Whether the required profit objective exists is to be determined on the basis of all the facts and circumstances of each case. Hirsch v. Commissioner, 315 F.2d 731, 737 (9th Cir. 1963), affg. T.C. Memo. 1961-256; Golanty v. Commissioner, 72 T.C. 411, 426 (1979), affd. without published opinion 647 F.2d 170 (9th Cir. 1981); sec. 1.183-2(a), Income Tax Regs. While the focus of the test is on the subjective intention of the taxpayer, greater weight is given to the objective facts than to the taxpayer's mere statement of his or her intent. Independent Elec. Supply, Inc. v. Commissioner, 781 F.2d 724, 726 (9th Cir. 1986), affg. T.C. Memo. 1984-472; Dreicer v. Commissioner, 78 T.C. 642, 645 (1982), affd. without opinion 702 F.2d 1205 (D.C. Cir. 1983); sec. 1.183-2(a), Income Tax Regs. Petitioner bears

the burden of proving that he possessed the requisite objective and that respondent's determination that an activity was not engaged in for profit is erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Relevant Factors

Section 1.183-2(b), Income Tax Regs., sets forth some relevant factors for determining whether an activity is engaged in for profit. No one factor is controlling. Brannen v. Commissioner, 722 F.2d 695, 704 (11th Cir. 1984), affg. 78 T.C. 471 (1982); Golanty v. Commissioner, supra at 426. The relevant factors include: (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his or her advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profits, if any, which are earned; (8) the financial status of the taxpayer; and (9) the presence of elements of personal pleasure or recreation. Sec. 1.183-2(b), Income Tax Regs.

The fact that the taxpayer carries on the activity in a businesslike manner and maintains complete and accurate books and records may indicate that the activity is engaged in for profit. Sec. 1.183-2(b)(1), Income Tax Regs. Generally speaking, a

taxpayer who maintains good records may be genuinely interested in using the records to develop a profitable business. Respondent argues that petitioner did not maintain adequate books and records for his artist activity. We agree.

The only business record petitioner placed in evidence was a cash receipts journal. The internal revenue agent who audited petitioner for 1988 through 1991, James M. Johnson, testified at trial that he disallowed the expenses related to the artist activity because petitioner's records consisted of a shoe box full of credit card statements and various receipts that did not reconcile with petitioner's cash disbursements journal. We find that petitioner did not maintain adequate books and records.

Furthermore, petitioner has offered no evidence to show that he conducted his artist activity in a businesslike manner. He did not use the limited records that he did keep on the activity to monitor expenses or to assess the activity's profitability. He did not maintain a budget for the activity or make any sort of financial projections. Nor did he even maintain a separate checking account for the activity.

Similarly, a taxpayer's failure to implement any operating changes after continued losses may indicate the lack of intent to make a profit. Brodrick v. Derby, 236 F.2d 35, 38 (10th Cir. 1956); Lewis v. Commissioner, T.C. Memo. 1992-420; Stubblefield v. Commissioner, T.C. Memo. 1988-480. There is no evidence in the record that petitioner has ever earned a profit from his

artist activity since its inception in 1984.  Indeed, in addition to the 1988 through 1991 years at issue here, petitioner also reported losses for every year during the 1984 through 1987 and 1992 through 1993 periods.  Petitioner has presented no evidence of a change in operating methods to reverse his uninterrupted history of losses, tending to indicate that he is content to sustain those losses for purely personal reasons.  <u>Breckenridge v. Commissioner</u>, T.C. Memo. 1983-66.

The large unabated expenditures, the absence even at this late date of any concrete business plans to reverse the losses, and the manner in which petitioner conducted his artist activity lead to the conclusion that this was not an activity engaged in for profit.  <u>Eppler v. Commissioner</u>, 58 T.C. 691, 697 (1972), affd. without published opinion 486 F.2d 1406 (7th Cir. 1973).

Although the mere fact that a taxpayer derives personal pleasure from a particular activity does not mean that he or she lacks a profit objective with respect thereto, the presence of personal motives may indicate that the activity is not engaged in for profit.  <u>Glenn v. Commissioner</u>, T.C. Memo. 1995-399.  This is especially true where there are recreational or other personal elements involved.  Sec. 1.183-2(b)(9), Income Tax Regs.  As this Court has stated, with respect to this factor:

> Unquestionably, an enterprise is no less a "business" because the entrepreneur gets satisfaction from his work; however, where the possibility for profit is small (given all the other factors) and the possibility for gratification is substantial, it is clear that the

latter possibility constitutes the primary motivation for the activity. * * * [Burger v. Commissioner, T.C. Memo. 1985-523, affd. 809 F.2d 355 (7th Cir. 1987); fn. ref. omitted.]

We find that petitioner engaged in the artist activity because of the satisfaction, pride, and prestige it afforded him. Although it is not required that a taxpayer dislike an activity before it will be considered a business and not a hobby, Jackson v. Commissioner, 59 T.C. 312, 317 (1972), petitioner has shown no evidence of a profit objective with respect to his artist activity.

Substantial income from sources other than the activity (particularly if the losses from the activity generate substantial tax benefits) may indicate that the activity is not engaged in for profit especially if there are personal or recreational elements involved. Sec. 1.183-2(b)(8), Income Tax Regs. In general, a taxpayer with substantial income unrelated to the activity can more readily afford a hobby.

Petitioner did have an independent source of income (from his accounting business) and did not rely on his artist activity to support himself. Additionally, we note that for 1991 and 1993 (although the 1993 year is not at issue) petitioner reported a loss from his artist activity exactly equal to the income from his accounting activity. Such an unlikely coincidence indicates that petitioner may be using his artist activity as a device to eliminate Federal income tax on the income from his accounting

business.  This weighs against finding a profit objective because no trade or business exists if the primary purpose of the activity is to generate tax deductions rather than produce an economic profit, Hagler v. Commissioner, 86 T.C. 598, 624 (1986); Wheeler v. Commissioner, T.C. Memo. 1983-385, or other tax benefits, Ferrell v. Commissioner, 90 T.C. 1154, 1181 (1988); Mosesian v. Commissioner, T.C. Memo. 1990-415, affd. without published opinion 967 F.2d 588 (9th Cir. 1992).

Based on our careful review of the record, we conclude that petitioner has not carried his burden of proving that he was carrying on his artist activity during the years at issue with the objective of earning a profit.  Respondent is sustained on this issue and on the reclassification of petitioner's income from the artist activity as miscellaneous income from the sale of drawings and short-term capital gain from the sale of art supplies.

### Artist Activity as Advertising or Promotion

Petitioner made an alternative argument at trial that his artist and accounting activities are really one inseparable activity.  Specifically, petitioner stated that most of his accounting clients are acquaintances from the artist community who chose him as their accountant because he is a fellow artist.

Petitioner is in essence arguing that some of his expenses from his artist activity are deductible under section 162 as ordinary and necessary business expenses of his accounting

business (essentially as a form of advertising or promotional expense). The basis for this contention is that his socializing at art functions and his activity as an artist afforded him an opportunity to meet potential clients and promote his accounting practice.

To prevail on this theory, petitioner must show that the expenditures were made primarily for business purposes. Hahn v. Commissioner, T.C. Memo. 1979-429. Also, it must be shown that there is a proximate rather than a remote or incidental relationship between the expenditures and the business concerned. Henry v. Commissioner, 36 T.C. 879 (1961); Boomershine v. Commissioner, T.C. Memo. 1987-384; Hahn v. Commissioner, supra. The mere fact that engaging in an activity affords contact with possible future customers or clients is in and of itself insufficient to justify deducting the cost of the activity as a business expense. Hahn v. Commissioner, supra.

Petitioner has not shown a business purpose for the expenditures or that there was a proximate relationship between the expenditures from his artist activity and his accounting business. Accordingly, none of these expenditures are deductible under section 162 as ordinary and necessary business expenses of his accounting business.

Substantiation

Although petitioner's artist activity was "not engaged in for profit" within the meaning of section 183(c), petitioner may

nonetheless, pursuant to section 183(b), deduct the related expenses to the extent of the gross income from the activity. The final issue to be resolved before such deductions can be allowed is whether petitioner has substantiated the expenses claimed.

All taxpayers are required to keep sufficient records to enable the Commissioner to determine their correct tax liability. Sec. 6001; Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965). Moreover, deductions are a matter of legislative grace, and petitioner bears the burden of proving that he is entitled to any deduction claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, 290 U.S. at 115. This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Petitioner provided no documentary evidence substantiating the deductions claimed with respect to his artist activity. Petitioner testified concerning his expenses and elicited testimony from another witness concerning some of his expenses. We have held that if the record provides sufficient evidence that the taxpayer has incurred a deductible expense, but the taxpayer is unable to adequately substantiate the amount of the deduction to which he is otherwise entitled, the Court may estimate the amount of the expense and allow the deduction to that extent. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). In

such cases we are cautioned to bear heavily against the taxpayer "whose inexactitude is of his own making." Id. at 544.

Accordingly, based solely on testimony at trial, we find that petitioner paid expenses connected with his artist activity equal to the income reported therefrom for each of the 1988-91 taxable years. Such expenses are deductible pursuant to section 183(b).

Additions to Tax

Finally, respondent made further determinations of additions to tax under section 6651(a) for 1988 thorough 1990, section 6653(a)(1) for 1988, and section 6654 for 1989 and 1990, and an accuracy-related penalty under section 6662(a) for 1991. As to these matters, the burden of proof is upon petitioner. Rule 142(a); Welch v. Helvering, supra at 115. Petitioner presented nothing on these subjects at trial and, accordingly, we sustain respondent.

To reflect the foregoing,

Decision will be entered

under Rule 155.